### GOLD DUST CORPORATION v. MUNSON S. S. LINE.

No. 167.

Circuit Court of Appeals, Second Circuit.

Feb. 1, 1932.

Rumsey & Morgan, of New York City (Ralph W. Brown, of New York City, of counsel), for appellant.

Bigham, Englar, Jones & Houston, of New York City (Oscar R. Houston and James N. Senecal, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

■■ The most that may fairly be said of the examination made at Buenos Aires to discover what damage had been caused by the collision with the wall is that it was superficial. The representatives of the respondent simply made such visual examination as they saw fit without moving any cargo, and failed to discover the damage which had been done and which would have been sufficient if discovered to cause a prudent man to have it thoroughly investigated and repaired before the voyage to obviate the danger of just such damage to the cargo as subsequently occurred. In failing to do more than look a little, the respondent's men merely took a chance on the seaworthiness of the ship before she broke ground. It was not an error in management, but a lack of due diligence to make seaworthy for which the trial court correctly found the respondent liable, since it failed to carry the burden of proof resting upon it to show such due diligence. Grace & Co. v. Panama R. R. Co. (C. C. A.) 285 F. 718-722; Jahn v. The Folmina, 212 U. S. 354, 29 S. Ct. 363, 53 L. Ed. 546, 15 Ann. Cas. 748.

■■ As to the fresh water damage, the respondent was relieved from liability on the theory that it was occasioned by an error in management for which no recovery may be had under section 3 of the Harter Act (46 USCA § 192) incorporated in the bill of lading. The second assistant engineer was clearly negligent in leaving the ship with water running into the tanks without telling any one to shut it off when the tanks were

full. We notice the fact that this intake of water was after the ship had ended the voyage on which the linseed was carried to its destination although the cargo had not been discharged, and that it had no direct connection with that voyage, but we do not now decide whether that affects the respondent's liability under the Harter Act. No exemption can be claimed under section 3 in any event unless it is shown that due diligence was exercised to have the ship properly manned. The Fort Morgan (C. C. A.) 284 F. 1, 4. As there was no evidence to show such due diligence in respect to the competency of this second assistant engineer whose negligence caused the damage, the respondent takes nothing from the Harter Act, and must be held liable for the fresh water damage to the linseed.

Decree modified in accordance with this opinion.